In the Matter of the Application of MIKE GELCES, Petitioner, for a Certiorari Order against THE STATE LIQUOR AUTHORITY, Respondent.

Supreme Court, Albany County, February 6, 1935.

*Morace Freedman,* for the petitioner.

*Nelson Ruttenberg,* for the respondent.

SCHENCK, J.   Petitioner herein makes application for a certiorari order to review the determination of the State Liquor Authority canceling a license to sell beer at retail for off premises consumption. Said license was canceled after a hearing pursuant to the recommendation of the Deputy Commissioner.

It is the contention of the respondent, the State Liquor Authority, that the petitioner is not entitled to an order of certiorari for the reason that the license issued to petitioner was " canceled " and not " revoked." The law of this State is well settled that a certiorari order may issue pursuant to the provisions of section 1284 of the Civil Practice Act, (1) where the right to certiorari is conferred by statute, (2) where the order of certiorari may be issued at common law and has not been expressly taken away by statute.

Section 121 of the Alcoholic Beverage Control Law enumerates the types of actions subject to review by this court by an order of certiorari. One of the actions subject to such review, as set forth in that section, is: " 4. The revocation of a license or permit by the liquor authority." No reference is made in that statute

to the right to review the determination of the Liquor Authority in a case where the license has been canceled.

The respondent maintains that it was the intention of the Legislature to definitely distinguish between the words " cancellation " and " revocation." Section 17 of the act vests the Liquor Authority with the power to revoke or cancel for cause any license or permit issued. Section 119 prescribes a procedure for the revocation or cancellation of a license or permit. In subdivision 3 of that section it is provided as follows: " All other licenses or permits issued under chapter one hundred and eighty of the laws of nineteen hundred and thirty-three, or this chapter may be revoked by the liquor authority after a hearing to be held in the manner to be determined by the rules of the liquor authority."

Further, in section 113 it is provided that where a license for any premises licensed has been revoked, the Liquor Authority in its discretion may refuse to issue a license for a period of two years after such revocation. The evident intention of this section was to impose a penalty upon the property as well as to the person in the case of a revocation of a license.

To sustain the contention of the respondent Liquor Authority it is necessary to find that in the event a license is revoked the licensee has a right to have such revocation reviewed by the court by an order of certiorari. In the event, however, that the license is canceled, no such right exists. Obviously, the Liquor Control Authority having discretion as to whether it shall use the word " revoke " or " cancel," would use the latter word unless there was a desire on its part to have a review of its own determination. Such argument does not commend itself to me. The revocation and the cancellation contemplated by the statute must necessarily be synonymous, both meaning that the applicant shall have no right to continue in the business for which he was duly licensed. If the Liquor Authority term it a cancellation, the licensee is prevented from having the matter reviewed by the court. This could not have been the intention of the Legislature of this State.

This court is not called upon to decide whether this petitioner should have a license or that the State Liquor Authority canceled it without proper cause. This court is simply to determine whether or not the action of the State Liquor Authority should be reviewed as a matter of law.

The application of the petitioner for an order of certiorari should be granted and order may be issued accordingly. No costs of motion.